REYNA, Circuit Judge,
concurring specially.
I fully join the panel opinion. I write separately on the Patent Trial and Appeal Board’s (“Board”)’ application of the so-called “Redundancy Doctrine.” The Board’s improper, conclusory statements declining to implement inter partes review (“IPR”) of grounds it found to be “redundant” leave me deeply concerned about the broader impact that the Redundancy Doctrine may have on the integrity of the patent system. In particular, other tribunals will be tasked with deciding whether estoppel applies based on cryptic statements the U.S. Patent and Trademark Office (“PTO”) makes under the guise of its presumed “complete discretion” over IPR institution.
I
In both petitions, the Board implemented one ground for each claim-at-issue and declined to implement all additional grounds as “redundant.” In the first petition the Board stated, in full: ‘With respect to claims 1-3 and 6-21, the additional asserted grounds are denied as redundant in light of our determination that there is a reasonable likelihood that the challenged claims are unpatentable based on the grounds of unpatentability on which we institute an inter partes review. See 37 C.F.R. § 42.108.” Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc., IPR2013-00132, 2013 WL 8563792, at *20 (PTAB July 25, 2013). As is apparent, the Board’s only basis for not instituting the additional grounds was that those grounds are “redundant” of the instituted grounds, without any reasoned basis why or how the denied grounds are redundant. In the second petition, the Board discussed Shaw’s arguments, made no findings about the grounds and concluded, “we exercise our discretion under 37 C.F.R. § 42.108 to institute an inter partes review based solely on the asserted grounds directed to combinations with Bluhm and deny the remaining grounds as redundant.” Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc., IPR2013-00584, 2013 WL 8595536, at *13 (PTAB Dec. 31, 2013). Shaw Industries argues these statements apply the “Redundancy Doctrine” through which the Board arbitrarily and capriciously denies some grounds but not others. Appellant’s Opening Br. 62-75.
The PTO emphatically denies that any such Redundancy Doctrine exists. E.g., PTO Br. 17 (“As an initial matter, there is no ‘redundancy doctrine,’”); Oral Argument 40:25 (“There is no Redundancy Doctrine.”) (hereinafter “Hr’g”), available at http://oralarguments.cafc.uscourts.gov/ default.aspx?fl=2015-1116.mp3. Because no explanation other than the redundancy finding was provided by the Board, the lack of a doctrine on redundancy deprives *1303 the Board’s decisions of any basis. But the PTO has a ready answer: it need not provide any basis for its institution decisions. Hr’g at 46:13 (“We do not even have to state in our institution decisions why we’re choosing not to go forward.”). The PTO argues this is so because “the Director [of the PTO] has complete discretion to deny institution.” PTO Br. 20 (capitalization altered).
II
The PTO’s claim to unchecked discretionary authority is unprecedented. It bases This claim on the statute that makes institution or denial of inter partes review “final and nonappealable.” See 35 U.S.C. § 314(a), (d). Regardless of appealability, administrative discretion is not and never can be “complete” because it is always bounded by the requirement that an agency act within the law and not violate constitutional safeguards. See 35 U.S.C. § 2(b)(2) (PTO “may establish regulations, not inconsistent with law”). There is good reason for this. “Expert discretion is the lifeblood of the administrative process, but unless we make the requirements for administrative action strict and demanding, expertise, the strength of modern government, can become a monster which rules with no practical limits on its discretion.” Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 167, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962) (internal quotation marks omitted).
Indeed, regardless of whether the Board’s institution decisions can be appealed, the Board cannot create a black box decisionmaking process. Conclusory statements are antithetical to the requirements of the Administrative Procedures Act (“APA”), which the PTO and its Board are subject to. 35 U.S.C. § 2(b)(2)(B); see also Dickinson v. Zurko, 527 U.S. 150, 154, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999). The APA requires “reasoned decisionmak-ing” for both agency rulemaking and adjudications because it “promotes sound results, and unreasoned decisionmaking the opposite.” Allentown Mack Sales & Serv., Inc. v. N.L.R.B., 522 U.S. 359, 374-75, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998) (citation omitted). The APA requires that Board decisions evince both its authority to render the decision and a reasoned basis for rendering that decision. Id. at 372, 118 S.Ct. 818 (“Not only must an agency’s decreed result be within the scope of its lawful authority, but the process by which it reaches that result must be logical and rational.”)'. The problem here is not that the Board’s reasoning is illogical or irrational; the problem is that thére is no reasoning at all.
Both Board decisions only cite 37 C.F.R. § 42.108 as its authority for denying institution of certain grounds, and the PTO maintains this position on. appeal. PTO Br. 19-32. The regulation allows for selective institution of certain grounds and not others. 37 C.F.R. § 42.108(a); Harmonic Inc. v. Avid Tech., Inc., No. 15-1072, 815 F.3d 1356, 1366-67, 2016 WL 798192, at *7 (Fed.Cir. Mar. 1, 2016). The regulation, however, does not itself provide a reason to deny some.grounds and institute others, it only provides the authority to do so. This authority neither satisfies nor exempts the Board from its obligation to include “finding^ and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.” 5 U.S.C. § 557(c) (emphasis added); Burlington Truck Lines, 371 U.S. at 167, 83 S.Ct. 239. The sole basis- advanced by the Board is that the additional grounds are redundant.
Despite repeatedly denying any Redundancy Doctrine exists, the PTO argues the decision is supported by reasoning not articulated in the Board’s final written deci *1304 sion. Before this Court, the PTO argues efficiency; that is, the Board may choose among the grounds asserted because a particular ground may resolve the case and a multiplicity of grounds would increase the Board’s workload and make it difficult to meet its statutory deadlines. PTO Br. 26-32; Hr’g at m:Zh-A<o:20} The Board’s institution decisions, however, say nothing about efficiency so we, normally, would deem it improper for the PTO to make these arguments on appeal. Burlington Truck Lines, 371 U.S. at 168-69, 83 S.Ct. 239 (“The courts may not accept appellate counsel’s post hoc rationalizations for agency action; Chenery requires that an agency’s discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself’). But the Redundancy Doctrine exists, as articulated repeatedly in the Board's other decisions, and we assume that the word “redundant” here means that Doctrine was applied, even if no citation was provided. For the PTO to deny that a Redundancy Doctrine exists in light of its caselaw development strains credulity.
In a prior Order issued by the Chief, Vice Chief, Lead, and six other Administrative Patent Judges from the Board, the Board devoted seventeen pages exclusively to discussing and applying two “types of redundancy.” Liberty Mut. Ins. Co. v. Progressive Cas. Ins. Co., CBM-2012-00003, 2012 WL 9494791, at *2 (Oct. 25, 2012).[2] Both types of redundancy discussed were substantive redundancies between grounds with “essentially the same teaching to meet the same claim limitation” or exactly the same references combined in different ways. Id. Shaw Industries directs us to numerous other Board decisions discussing, relying on and further developing the Redundancy Doctrine born in Liberty Mutual. See Appellant’s Opening Br. 59-62.[3] In some of these decisions the Board appears to find redundancy not on any substantive basis, but rather on the basis that it need only hear one ground for each claim and that hearing multiple grounds might require “redundant” effort on its part. See, e.g., EMC Corp. v. PersonalWeb Techs. LLC, IPR2013-00087, 2013 WL 6514050, at *2 (June 5, 2013) (“the references are redundant insofar as each ground of unpatenta-bility is sufficient to invalidate .the claims.”) (quotation omitted).
The Board’s invocation of the Redundancy Doctrine represents, at least in some instances, a substantive decision. Even here, despite the PTO insistence that labeling of grounds as “redundant” doesn’t reflect a substantive determination, the PTO’s own stateménts and arguments seem to indicate the contrary conclusion. The PTO insists that the Board did consider the rejected grounds in making its institution decision and cannot say efficiency was the sole basis that the redundant grounds were not instituted. E.g., Hr’g at *1305 50:48 (“I wouldn’t say that it’s not that they’re considered, the Board is going to do their job...Hr’g at 51:20 (“[The Board] may be choosing not to go forward on the Payne ground for reasons other than likelihood of success.”). The statutory scheme’s estoppel provisions make such ambiguity about whether substantive determinations were made problematic.
The effects of estoppel are profound. Under 35 U.S.C. § 315(e)(2), “[t]he petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision ... may not assert either in a civil action ... or in a proceeding before the International Trade Commission ... that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.” (emphasis added). Indeed, the potential for estoppel is one of the important considerations for defendants in deciding whether or not to file an IPR petition.[4]
The PTO asserts that estoppel will not attach to redundant grounds because grounds that are not instituted are not those the petitioner “raised or reasonably could have raised.” See, e.g., PTO Br. 32 n.20, 37-39; Hr’g at 32:38-44. (“We would not find estoppel on that Payne-based ground because we did not institute on it.”). Whether estoppel applies, however, is not for the Board or the PTO to decide. Nor is it for us to decide in the first instance, despite the invitation from Shaw Industries, because the issue is not properly before us. See Appellant’s Opening Br. 75-76. Instead, whether the “redundant” grounds are subject to estoppel, must be determined in the first instance by the district court or the U.S. International Trade Commission. 35 U.S.C. § 315(e)(2). These tribunals should not have to parse cryptic statements or search out uncited doctrines to make this determination.
Ill
The Board should, at a minimum, provide a reasoned basis how or why grounds are “redundant.” The PTO claims the Board’s statement here refers to efficiency concerns, but in failing to clearly articulate the basis of its decision, the Board’s final written decision fails to satisfy its obligations under the APA. Regardless of the reviewability of that decision, the lack of a reasoned basis deprives future tribunals of the necessary basis to determine whether estoppel should apply. The PTO has lost sight of its. obligation to “consider the effect of’ its implementation of the IPR process on “the integrity the patent system” as a whole. 35 U.S.C. § 316(b).

. Notably, this Order is listed among the Board’s "Representative Orders, Decisions and Notices” at http://www.uspto.gov/patents-application-process/appealing-patent-decisions/decisions-and-opinions/ representative-orders.

.Particularly troubling are instances where, as here, the Board found Section 102 anticipation grounds redundant of Section 103 obviousness grounds without explanation. See, e.g., Oracle Corp. v. Clouding IP, IPR2013-00088; 2013 WL 8595567, at *7 (May 14, 2013),

. E.g., Saurabh Vishnubhakat, Arti K. Rai, Jay P. Kesan, Strategic Decision Making in Dual PTAB and District Court Proceedings, Berkeley Tech, L.J. (forthcoming 2016) (manuscript 15), available at http://papers.ssm.com/sol3/ papers.cfm?abstractJd=2731002.